UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.  14-23291-Civ-COOKE/TORRES

YAICEL DE LA CARIDAD SANCHEZ
and ALDO ARENCIBIA,

    Plaintiff,

vs.

SEARS, ROEBUCK & CO.,

    Defendant.
_____/

### ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

    Yaicel de la Caridad Sanchez ("Plaintiff Sanchez") and her husband Aldo Arencibia ("Plaintiff Arencibia") (collectively referred to as "Plaintiffs") filed suit against Defendant Sears, Roebuck & Company ("Sears" or "Defendant") for damages relating to an alleged incident that occurred in Defendant's retail store.  More specifically, Plaintiffs' allege counts of Premises Liability/Negligence (Count I) and Loss of Consortium (Count II) against Defendant.  In response, Defendant filed a Motion for Summary Judgment on Counts I and II of Plaintiffs' Complaint (ECF No. 32) along with a Statement of Undisputed Material Facts Filed in Support of Their [sic] Motion for Summary Judgment (ECF No. 33). Plaintiffs filed their Response to Defendant's Motion for Summary Judgment on Counts I and II of Plaintiff's Complaint (ECF No. 38) to which Defendant filed its Reply to Plaintiffs' Response to Defendant's Motion for Summary Judgment on Counts I and II of Plaintiffs' Complaint (ECF No. 43).  I have reviewed Defendant's Motion for Summary Judgment and Statement of Undisputed Material Facts, the Response and Reply thereto, the record, and the relevant legal authorities.  For the reasons provided herein, Defendant's Motion for Summary Judgment is granted.

### I. BACKGROUND[1]

    This is a negligence case arising out of an alleged slip-and-fall incident.  Plaintiff Sanchez, her husband, and their children drove to Westland Mall on July 1, 2010.  Def.'s

---

[1] The facts of this case are undisputed.

Statement Undisputed Material Facts ¶ 1.  Upon arrival, Plaintiff Sanchez went straight to Sears to make a purchase.  *Id.* at ¶ 2.  Once inside Sears, Plaintiff Sanchez walked to the shoe department.  *Id.* at ¶ 6.  However, upon hearing an in-store announcement about a sale happening in a different department, Plaintiff Sanchez asked a Sears sales associate for directions to the department having the sale.  *Id.* at ¶¶ 7, 8.  While walking to the department with the sale, Plaintiff Sanchez slipped on a baby wipe and fell to the ground.  *Id.* at ¶ 11.  The baby wipe was white and approximately the size of half of a standard sheet of paper.  *Id.* at ¶ 12.

At her deposition, Plaintiff Sanchez stated that the store's floor was not wet other than the wet streak that remained after she slipped on the baby wipe.  *Id.* at ¶ 13.  Plaintiff Sanchez also stated that she did not see the baby wipe on the floor prior to her fall, she did not see additional baby wipes on the floor after her fall, she did not know how long the baby wipe was on the floor prior to her fall, and she did not know who or what caused the baby wipe to be on the floor.  *Id.* at ¶¶ 14, 15.  Plaintiff Sanchez did not hear any Sears store employees state that they knew the baby wipe was on the floor prior to the incident nor did any Sears store employees tell her that they knew what caused the baby wipe to end up on the floor in the first place.  *Id.* at ¶ 16.  Additionally, at his deposition, Plaintiff Arencibia stated that he did not know where the baby wipe came from or how long it was on the floor prior to his wife's fall.  *Id.* at ¶ 17.  He also spoke to a Sears store employee about the baby wipe after his wife's fall and the employee did not tell him that he knew the wipe was on the floor prior to Plaintiff Sanchez's fall.  *Id.* at ¶ 18.

Surveillance video of the incident shows that the baby wipe first appears at the spot of the incident at time stamp 12:25:38.40 and that Plaintiff Sanchez slips and falls at time stamp 12:28:12.70.  *Id.* at ¶¶ 20, 21.  The video further shows that between the time when the baby wipe first appears and Plaintiff Sanchez's fall, the wipe never moves from its original location on the store's floor, no Sears employees inspect the area where the baby wipe is located, and no Sears employee is seen anywhere near the area of the incident.  *Id.* at ¶¶ 22, 23.

## II. LEGAL STANDARD

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."

2

Fed. R. Civ. P. 56(a). The function of the trial court is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986). "The moving party bears the initial burden to show the district court . . . that there is no genuine issue of material fact that should be decided at trial. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). Only when that burden has been met does the burden shift to the non-moving party to demonstrate that there is indeed a material issue of fact that precludes summary judgment." *Id.* Any inferences drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007).

### III.  ANALYSIS

The mere fact that a person falls in a store does not automatically mean that the store is liable. *See Bucholtz v. City of Jacksonville*, 72 So. 2d 52, 53 (Fla. 1954). "Before there can be a recovery for an injury of this kind, [the person] must show some negligence on the part of the [store]." *Id.* Florida Statute § 768.0755 controls Plaintiffs' claim for negligence in this case, and provides as follows:

> If a person slips and falls on a transitory foreign substance in a business establishment, the injured person must prove that the business establishment had actual or constructive knowledge of the dangerous condition and should have taken action to remedy it. Constructive knowledge may be proven by circumstantial evidence showing that:
> (a) The dangerous condition existed for such a length of time that, in the exercise of ordinary care, the business establishment should have known of the condition; or
> (b) The condition occurred with regularity and was therefore foreseeable.

Fla. Stat. § 768.0755(1). Under Florida law, the person claiming negligence must prove that the store was aware, or should have been aware, of the dangerous condition that caused the subject injury.

In this case, the parties primarily disagree over whether Defendant Sears had constructive knowledge of the baby wipe on the floor at the time of Plaintiff Sanchez's fall. Defendant argues that Plaintiff Sanchez has not provided any evidence that Defendant had constructive knowledge of the baby wipe on the floor of its store, especially when the undisputed evidence shows that the baby wipe was present on the floor for less than three

3

minutes before the incident occurred. In response, Plaintiff Sanchez argues that while the applicable statute does require that she prove that Defendant had either actual or constructive knowledge of the dangerous condition, the statute does not provide a definite time frame within which the condition must be present before a Defendant can be deemed to have been put on notice. Plaintiff Sanchez also cautions the Court against adopting a bright line test regarding the length of time a dangerous condition must exist before a plaintiff can obtain relief, and instead suggests that a jury should be given an opportunity to consider the length of time the dangerous condition existed and whether the business took appropriate action to remedy the dangerous condition.

"[T]he mere presence of [a substance] on the floor is not enough to establish constructive notice." *Delgado v. Laundromax, Inc.*, 65 So. 3d 1087, 1090 (Fla. Dist. Ct. App. 2011). As Judge Scola reasoned in *Valles v. Target Corp.*, "a person can establish [that the store should have been aware of the dangerous condition] by producing some evidence to indicate how long the condition existed, how it was created, or who caused it." *Valles v. Target Corp.*, 2015 WL 1640326, at *1 (S.D. Fla. Apr. 9, 2015). Essentially, under Florida law, "a person claiming that a store was negligent by not cleaning up a dangerous condition must present some evidence that the dangerous condition … existed for such a length of time that, in the exercise of ordinary care, the store would have known of the condition." *Id.* at *2 (citing *Vallot v. Logan's Roadhouse, Inc.*, 567 F. App'x 723, 726 (11th Cir. 2014) (affirming an order granting summary judgment where the plaintiff failed to establish that the restaurant had actual or constructive notice of a slippery substance on the floor where he fell)).

Here, although the parties' agree that Plaintiff Sanchez slipped on a baby wipe on the floor of Defendant's store, that fact alone is not enough to hold Defendant liable. Plaintiff Sanchez must also affirmatively present evidence demonstrating that Defendant had actual or constructive notice of the baby wipe prior to her fall, which she has failed to do. In fact, Plaintiff Sanchez concedes that the baby wipe was present on the floor for less than three minutes before she fell, no Sears employee was in the vicinity of the baby wipe prior to her fall, and no Sears employee knew about the baby wipe prior to her fall. Plaintiff Sanchez completely fails to introduce any evidence of her own to even remotely support an inference that the dangerous condition existed for such a length of time that, in the exercise of

4

ordinary care, the store would have known of the condition. Surveillance camera footage demonstrates just the opposite; the condition was present for under three minutes before Plaintiff fell.

Therefore, because Plaintiff Sanchez has failed to present any evidence, either direct or circumstantial, that would give rise to an inference that the baby wipe had been on the floor for a sufficient length of time to charge Sears with constructive knowledge of its presence, I cannot submit the question of Defendant's negligence to the jury. *See Evens v. Eastern Air Lines, Inc.*, 468 So. 2d 1111, 1112 (Fla. Dist. Crt. App. 1985) ("[B]ecause the record if completely devoid of any evidence, either direct or circumstantial, directed to Eastern's notice of the dangerous condition, no negligence was shown and summary judgment was proper."). While it is undisputed that Plaintiff Sanchez slipped on a baby wipe present on the floor of Defendant's store, the relevant caselaw strongly indicates that the mere presence of the foreign substance on the floor for a short period of time, without additional evidence demonstrating Defendant's constructive knowledge of the dangerous condition, is not enough to survive summary judgment. The law does not make a store responsible to every person who gets hurt while shopping. "To hold a store responsible, the person must be able to prove that she was injured because the store failed to do something that a reasonable store would have done." *Valles*, 2015 WL 1640326 at *3. In this case, there is simply no evidence that Sears failed to do something that a reasonable store would have done. As such, Defendant's Motion for Summary Judgment as to Count I of Plaintiff's Complaint is granted.

Because Plaintiffs cannot prove their negligence claim as a matter of law, Defendant's Motion for Summary Judgment as to Plaintiffs' Loss of Consortium claim (Count II) is also granted.

## IV. CONCLUSION

Accordingly, it is **ORDERED and ADJUDGED** that Defendant's Motion for Summary Judgment on Counts I and II of Plaintiffs' Complaint (ECF No. 32) is **GRANTED**. The Clerk shall **CLOSE** this case. All pending motions, if any, are **DENIED** *as moot*. A separate judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure shall issue concurrently.

5

**DONE and ORDERED** in chambers, at Miami, Florida, this 30TH day of October 2015.

_____
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Edwin G. Torres, U.S. Magistrate Judge*
*Counsel of Record*